UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHAIBU AMADU                                                                                    PLAINTIFF

V.                              NO. 6:18-CV-06074

KENNETH SIMPSON;
MARIETTA TRANSFER COMPANY INC.;
and G & D LEASING, LLC                                                                      DEFENDANTS

# ORDER

Before the Court is a joint motion for the entry of a protective order (Doc. 10). The motion requests that the Court enter an order protecting "the confidentiality of certain information . . . and documents that may be discovered or offered into evidence at the trial of this case." (Doc. 10, p. 1). Embedded within the parties' motion is a proposed protective order for the Court's review. The proposed order broadly defines confidential materials to be protected as "material requested by any of the parties, which they deem confidential." (Doc. 10, p. 1). The motion will be denied.

The motion does not set forth good cause. For a Rule 26 protective order to issue, "[t]he burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb. Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (quoting Wright & Miller, *Federal Practice and Procedure: Civil* § 2035 at 264–65). The parties request a blanket protective order that would cover anything produced in this litigation which the parties believe to be confidential. There may be good cause for blanket protective orders in complex cases. *See United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427–28 (10th Cir. 1990) (setting out some benefits of blanket protective orders). But there is no reason to believe this is a complex case.

The Court is not opposed to entering a protective order that is tailored to the needs of this case and limited in scope to information for which the parties can actually demonstrate good cause exists to enter a protective order. Good cause and the potential for "annoyance, embarrassment, oppression, or undue burden or expense" are often easily demonstrable for some categories of discovery—for example, medical records, personnel files, and personal financial information. *See* Fed. R. Civ. P. 26(c). The Court will not enter orders such as the one proposed by the parties, however, that effectively do not limit the discovery that may be designated confidential. Furthermore, the Court is hesitant to approve provisions that would categorically require the return or destruction of materials in a client's file or work product.

IT IS THEREFORE ORDERED that the motion (Doc. 10) is DENIED without prejudice to its refiling.

IT IS SO ORDERED this 28th day of September, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE